900 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bertha H. WILLIAMS, Plaintiff-Appellant,
v.
C. William VERITY, Secretary, Department of Commerce,
Defendant-Appellee.
 No. 89-1736.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 9, 1990.
Decided: March 5, 1990.
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 87-1585-PN)
 
 
 2
 Robert L. Bell, for appellant.
 
 
 3
 Clinton S. Janes, III, Office of General Counsel, United States Department of Commerce (Breckinridge L. Willcox, United States Attorney; Susan M. Ringler, Assistant United States Attorney, on brief), for appellee.
 
 
 4
 D.Md.
 
 
 5
 AFFIRMED.
 
 
 6
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 CLAUDE M. HILTON, District Judge:
 
 7
 This appeal arises out of an employment discrimination case brought under Title VII, 42 U.S.C. Secs. 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. Secs. 621 et seq. After a two-day bench trial the district court entered judgment in favor of the defendant. We affirm.
 
 I.
 
 8
 Appellant Bertha Williams is a 56-year-old black female. In September 1979, Ronald Swank, a white male, hired Williams as a programmer/analyst, GS-7, in the Peripheral Systems Branch of the Bureau of the Census ("Bureau"). As a Computer Systems Programmer, Williams was in a career ladder position that allowed three promotions up to GS-12 without competition. Such promotions, however, were not automatic or guaranteed. Before Williams could be promoted, she had to spend at least one year working at her present grade and demonstrate the capability of performing successfully at the next higher level.
 
 
 9
 In September 1980, after one year in the GS-7 position, Williams requested a promotion to GS-9. Swank, plaintiff's branch chief at the time, denied the request, apparently under the impression that the Bureau required 18 months in one grade before promotion. After Williams had completed 18 months, she again asked for promotion. Swank denied the request at that time because he did not feel Williams was ready to perform GS-9 duties. Swank eventually approved a GS-9 promotion for Williams in September 1981.
 
 
 10
 Before Williams was promoted, Cheryl Marshall, a younger white female, was hired by Swank to work in the Peripheral Systems Branch. Marshall began as a GS-9 but was promoted to GS-11 within three months of her arrival. At trial, Swank testified that Marshall was promoted because she already had nine in-grade months as a GS-9 and her performance rating was "outstanding." Marshall was promoted to a GS-12 the following year after receiving another "outstanding" rating. Although Williams suggested that Swank "developed a relationship with Ms. Marshall," the claim was not supported by the evidence.
 
 
 11
 Williams had not received a promotion since her 1981 promotion to GS-9. In August 1982, after receiving a performance rating of "satisfactory" and being refused advancement to GS-11, Williams filed a formal age discrimination claim. In April 1983, Williams received an "unsatisfactory" rating. Around that time Swank asked Williams to retake several computer training classes. Despite participating in a specially tailored review program, Williams continued to have difficulty performing given assignments. In October 1984 Williams received another "unsatisfactory" rating.
 
 
 12
 Williams claims that her troubles at work during this time were the result of unreasonably difficult assignments given in retaliation for her filing of the age discrimination claim. On June 22, 1987, Williams filed a Title VII claim with the district court. Naming her employer, the Secretary of Commerce, as the defendant, Williams alleged that she was denied advancement because of her race, sex, and age, and that she was made to retake computer classes in retaliation for her filing of the EEOC complaint. Williams sought retroactive promotion to GS-9 as of September 1980, to GS-11 as of September 1981, to GS-12 as of September 1982, and backpay to cover the above period.
 
 
 13
 On January 9-10, 1989, a bench trial was held on Williams' claims. After hearing all the evidence presented, the district court found that Williams had established a prima facie case of race, sex, and age discrimination as well as a prima facie case of illegal retaliation. However, the district court held that Williams was not entitled to recovery because the defendant offered a legitimate, non-discriminatory reason for the alleged unlawful conduct, and plaintiff failed to show by a preponderance of the evidence that defendant's reason was a pretext to mask discrimination.
 
 II.
 
 14
 Appellant's first claim on appeal is that the district court erred in its conclusion that the defendant properly rebutted plaintiff's prima facie case. Appellant raises no error of law but challenges the district court's factual findings. The court's findings of fact can only be set aside when they are clearly erroneous. Fed.R.Civ.P. 52(a). See Holder v. City of Raleigh, 867 F.2d 823, 828-29 (4th Cir.1989). Finding more than enough evidence to support the district court's factual determination, we reject appellant's claim.
 
 
 15
 Once plaintiff met her burden in setting forth a prima facie case of discrimination and retaliation, the burden shifted to the defendant to produce evidence that plaintiff was refused promotion for legitimate, non-discriminatory reasons. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Because this burden was one of production and not persuasion, the defendant had only to produce evidence which would allow the trier of fact rationally to conclude that the promotion decision had not been motivated by discriminatory animus. Id. at 257. The defendant did not have to demonstrate it was actually motivated by the proffered reasons; rather, it was enough if the defendant's evidence raised a genuine issue of fact as to whether it discriminated against the plaintiff. Id. at 154-55.*
 
 
 16
 In this case there was ample evidence to support the district court's finding that the defendant offered a legitimate, non-discriminatory reason for the plaintiff's treatment. Swank testified that Williams was denied promotion because of her failure to demonstrate the ability to perform satisfactorily at higher levels. In support of this, Swank pointed out that he had received complaints from users of the system that Williams had been trained on that Williams "wasn't able to respond to the questions that she should be able to respond to." Swank also testified that Williams "had problems completing her work on time" and "couldn't analyze problems properly." These evaluations were corroborated by two other employees. In addition, a co-worker of Williams testified that Swank treated all employees in his branch fairly, including females and blacks.
 
 
 17
 The district court also properly found that the defendant had rebutted plaintiff's prima facie case of retaliation. Williams alleged that her assignment to retake entry level computer classes was done in retaliation for filing the discrimination claim. The evidence presented at trial, however, suggested that Swank assigned the instruction to help Williams improve her skills. This conclusion was corroborated by testimony from another witness and certainly raised at least a "genuine issue of fact" as to the absence of a retaliatory motive.
 
 
 18
 Appellant contends that the defendant's witnesses supporting the court's findings were "not worthy of credence." However, when findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). Nothing in the record in this case indicates that the testimony of defendant's witnesses were unworthy of belief.
 
 III.
 
 19
 Appellant's second contention on appeal is that the district court erred in concluding that plaintiff failed to demonstrate pretext. Again, appellant cites no error of law but challenges the district court's factual findings. As with appellant's first claim, there is nothing in the record that would warrant finding the district court's decision clearly erroneous.
 
 
 20
 Once a defendant successfully rebuts the plaintiff's prima facie case, plaintiff has the burden of demonstrating by a preponderance of the evidence that the defendant's proffered reason for the promotion decision was merely "a pretext" to mask discrimination. Burdine, 450 U.S. at 255 n. 10; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1972). Plaintiff can meet this burden by directly persuading the court that a discriminatory reason more likely motivated the employer or by indirectly showing that the employer's proffered explanation is unworthy of credence. Id. It appears that appellant, in not offering rebuttal evidence at the conclusion of the defendant's case, chose to pursue the latter course.
 
 
 21
 Indeed, there are times when the plaintiff's initial evidence, combined with effective cross-examination of the defendant, is, in itself, enough to discredit the defendant's explanation. See Burdine, 450 U.S. at 255 n. 10. This, however, was not such a case. Defendant's witnesses presented corroborated and persuasive evidence that Williams' lack of advancement was due not to her race, age, or sex, but rather to her less than satisfactory performance. The district court considered the plaintiff's attempt to demonstrate pretext through cross-examination of the defendant's witnesses but was not persuaded by a preponderance of the evidence that the defendant's reason was a mere pretext to mask discrimination. As already pointed out, insofar as appellant challenges witness credibility, Rule 52(a) and relevant case law impose a substantial burden on the plaintiff to demonstrate that credibility has been misjudged. When a trial judge bases a finding on the testimony of one or two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error. Anderson, 470 U.S. at 575.
 
 IV.
 
 22
 In short, there is simply no evidence in the record, nor is there an allegation on appeal, that would allow this court to find the district court's factual findings clearly erroneous. Accordingly, the decision of the district court is hereby
 
 
 23
 AFFIRMED.
 
 
 
 *
 This standard also applies to the retaliation claim. Once a prima facie retaliation claim is made, the employer need only show a legitimate non-discriminatory reason for the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985). The employer is not required to prove the absence of a retaliatory motive, but only to raise a "genuine issue of fact" as to whether retaliation for protected activity occurred. Burdine, 450 U.S. at 254; Ross, 759 F.2d at 365